JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL FENSKE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FRESENIUS USA MANUFACTURING, INC.; and DOES 1 through 20, inclusive,

Defendants.

Case No. 5:21-cv-00811-JWH-SPx

**ORDER ON PLAINTIFF'S MOTION TO REMAND [ECF No. 14]**

## I.  INTRODUCTION

Before the Court is the motion to remand of Plaintiff Michael Fenske.[1] The Court conducted a hearing on the Motion on June 25, 2021.  For the reasons explained below, the Court **GRANTS** the Motion.

## II.  BACKGROUND

Fenske filed this putative class action in San Bernardino Superior Court on February 9, 2021.[2]  In his Complaint, Fenske alleges that he was employed by Defendant Fresenius USA Manufacturing, Inc.,[3] which is "in the kidney dialysis centers and medical supply industry."[4]  Fenske individually, and on behalf of others similarly situated, alleges that Fresenius violated various provisions of the California Labor Code.  The Complaint includes claims for relief for:  (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Breaks; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Pay All Wages Due Upon Separation of Employment; and (7) Violation of Business and Professions Code §§ 17200, *et seq.*

On May 7, 2021, Fresenius removed the action to this Court,[5] asserting jurisdiction under the Class Action Fairness Act ("CAFA").[6]  *See* 28 U.S.C. § 1332(d)(2).  On May 28, 2021, Fenske filed the instant Motion.  Fresenius filed its opposition on June 4,[7] and Fenske filed his reply on June 11.[8]

---

[1]  Mot. to Remand of Pl. Michael Fenske (the "Motion") [ECF No. 14].
[2]  Compl. (the "Complaint") [ECF No. 1-2].
[3]  *Id.* at ¶ 27.
[4]  *Id.* at ¶ 2.
[5]  Notice of Removal [ECF No. 1].
[6]  *See generally id.*
[7]  Def.'s Opp'n (the "Opposition") [ECF No. 16].
[8]  Pl.'s Reply (the "Reply") [ECF No. 17].

1

### III.  LEGAL STANDARD

2   Under CAFA, the Court has "original jurisdiction of any civil action in

3   which the matter in controversy exceeds the sum or value of $5,000,000,

4   exclusive of interest and costs, and is a class action in which" there is minimal

5   diversity.  28 U.S.C. § 1332(d)(2).  To remove a case to federal court under

6   CAFA, the defendant must demonstrate that the amount in controversy exceeds

7   $5 million, exclusive of interest and costs.  *Id.*  The general rule is that a

8   removing defendant's well-pleaded amount in controversy allegations "should

9   be accepted when not contested by the plaintiff or questioned by the court."

10  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see*

11  *also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (in

12  evaluating the amount in controversy, the court first looks to the complaint).

13  However, where the plaintiff challenges the removing defendant's

14  jurisdictional allegation, under 28 U.S.C. § 1446(c)(2)(B), "removal . . . is

15  proper on the basis of an amount in controversy asserted" by the defendant only

16  "if the district court finds, by the preponderance of the evidence, that the

17  amount in controversy exceeds" the jurisdictional threshold.  *Dart Cherokee*, 574

18  U.S. at 88.  "In such a case, both sides submit proof and the court decides . . .

19  whether the amount-in-controversy requirement has been satisfied."  *Id.*  The

20  preponderance of the evidence standard means that the "defendant must

21  provide evidence establishing that it is 'more likely than not' that the amount in

22  controversy" meets or exceeds the jurisdictional threshold.  *Sanchez v.*

23  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (emphasis added).

24  The defendant must set forth the underlying facts supporting its assertion that

25  the amount in controversy exceeds the statutory minimum.  *Gaus*, 980 F.2d at

26  567.  In addition to the contents of the notice of removal, the Court may

27  consider "summary-judgment-type evidence relevant to the amount in

28  controversy at the time of removal," such as affidavits or declarations.  *Ibarra*,

775 F.3d at 1197; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee*, 574 U.S. at 89.

## IV.  DISCUSSION

In his Motion, Fenske argues that Fresenius has failed to establish that this Court has subject matter jurisdiction because the amount in controversy requirement of $5 million under CAFA has not been met. *See* 28 U.S.C. § 1332(d)(2).  In its Notice of Removal, Fresenius calculated the amount in controversy as $5,337,748.[9]  Fenske, however, argues that the actual amount in controversy is only $4,367,337.[10]

Fresenius avers that the amount in controversy for Fenske's first through sixth claims for relief "alone total $4,270,199."[11]  To this sum, Fresenius adds potential attorneys' fees of 25% to arrive at its total amount in controversy of $5,337,748.[12]  "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Id.* (citation, quotation, and alteration omitted).

While the removing party is entitled to include attorneys' fees in its calculation of the amount in controversy, it is entitled to do so only if such fees

---

[9]      Notice of Removal at ¶ 32.

[10]      *See* Reply at 3:4-15.

[11]      Notice of Removal at ¶ 32.  Fresenius later revised this amount downward.  *See* Opposition.

[12]      *Id.*

-4-

are included in the "relief to which the plaintiff is entitled if the action succeeds." *Id.* at 795.  To support its amount in controversy calculation, Fresenius relies upon an assumption that an across-the-board estimate of 25% of the ***total*** recovery is appropriate.  As Fenske notes, however, the Ninth Circuit has rejected such a *per se* rule.  Rather, "the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence." *Id.* at 796.  There is no *per se* rule that relieves the removing party of this "evidentiary burden." *Id.*

Importantly, "the attorneys' fees shifting provisions in California Labor Code §§ 218.5 and 1194 do not apply to legal work relating to meal and rest period claims." *Id.* (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1255 (2012)).  But here, Fresenius arrives at an amount in controversy in excess of $5 million by multiplying by 25% the total amount it estimates that Fenske seeks for all of his claims, ***including*** "meal and rest period violations."[13]  When these fees are removed from the calculation, the amount in controversy falls below $5 million, and the Court does not have jurisdiction under CAFA.  The Court therefore concludes that Fresenius has not met its burden to establish that the amount-in-controversy requirement has been met.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **REMANDS** this action to the San Bernardino County Superior Court.

**IT IS SO ORDERED.**

Dated:_July 21, 2021_____

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[13]      *See* Opposition at 17:10-14.

-5-